UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANTANAND SHANTANAND, | Case No.  1:26-cv-00294-DJC-JDP |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, *et al.*, | |
| Respondents. | |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On April 13, 2026, the Magistrate Judge filed Findings and Recommendations herein which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within seven days.  Both parties filed objections on April 20, 2026, and they have been considered by the undersigned.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

In their objections, Respondents argue that since Petitioner's release pursuant to the Court's preliminary injunction (ECF No. 10) renders this case moot and precludes the Court entering a permanent injunction.  (ECF No. 17.)  For their part,

1

Petitioners object on the basis that Respondents have imposed more frequent reporting requirements on Petitioner, arguably in violation of the preliminary injunction, and have failed to return Petitioner's identity documents.  (ECF No. 18.)

Absent permanent injunctive relief, nothing would prevent the Government from re-detaining Petitioner under the Government's theory that Petitioner is an "applicant for admission" who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b).  The fact that the Government has not re-detained Petitioner where a preliminary injunction is in place is no indication that the Government will not act differently where no injunction is in place.  Further, the fact that ICE has apparently violated this Court's order that "Respondents shall not impose any additional restrictions on him, unless that is determined to be necessary at a future pre-deprivation/custody hearing" (ECF No. 10), is a further indication that there is still a live controversy, and that permanent injunctive relief is warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 13, 2026 are adopted in full;

2. The petition for writ of habeas corpus, ECF No. 1, is GRANTED;

2. Respondents' motion to dismiss, ECF No. 14, is DENIED;

4. The preliminary injunctive relief previously granted, ECF No. 10, is permanent;

5. Respondents are ORDERED to return Petitioner's property, including his identity documents; and

6. The Clerk of Court is ordered to enter judgment accordingly and close this case.


IT IS SO ORDERED.

Dated:   **April 28, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

2